IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AHMED BEN BACHA, *et al.*,

Petitioners,

v.

GEORGE W. BUSH,
President of the United States,
*et al.*,

Respondents.

Civil Action No. 05-CV-2349 (RMC)

**RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROPER "NEXT FRIEND" STANDING AND MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Respondents hereby respectfully request that the Court order petitioners to show cause why the above-captioned petition for writ of habeas corpus, not directly authorized by the detainee at Guantanamo Bay for whom habeas relief is sought, but instead brought by another detainee claiming to act as his "next friend," should not be dismissed for lack of proper next friend standing.[1] The putative "next friend" detainee, Binyam Mohammed, bears the burden of establishing his next friend status and justifying the exercise of the Court's jurisdiction over this

[1] On December 30, 2005, the President signed into law § 1005 of the Department of Defense Appropriations Act, 2006, Pub. L. No. ___, § 1005 (2005), also known as the Detainee Treatment Act of 2005, which, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Respondents anticipate filing in the Guantanamo detainee cases, including the instant case, a motion to dismiss or for other appropriate relief based on the new law. The effect of the Detainee Treatment Act of 2005 will also be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit. A stay of other proceedings in this case is appropriate, at the very least, pending resolution of respondents' instant motion for order to show cause and impending motion regarding the new, statutory withdrawal of the Court's jurisdiction.

action. See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990) ("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."). To do so, he must satisfy the "two firmly rooted prerequisites" articulated by the Supreme Court in Whitmore: (1) he must demonstrate that the detainee on whose behalf he claims to file a petition for writ of habeas corpus cannot challenge the legality of his detention himself; and (2) he must have a significant relationship with this detainee in order to demonstrate that he is truly dedicated to the detainee's best interests. Id. at 163-64. The petition in the above-captioned case fails to meet either requirement. If petitioners are unable to demonstrate that the petition was filed by a legitimate next friend, the Court cannot exercise jurisdiction over the petition, and the case must be dismissed for lack of standing.[2]

---

[2] Respondents have challenged the standing of other detainees purporting to act as "next friends" in a number of other cases, and some Judges of the Court have transferred such motions before them to Judge Oberdorfer for decision. See, e.g., Ahmed Doe v. Bush, No. 05-CV-1458 (ESH) (dkt. no. 8); Nabil v. Bush, No. 05-CV-1504 (RMC) (dkt. no. 8); Al Hawary v. Bush, No. 05-CV-1505 (RMC) (dkt. no. 10); Shafiiq v. Bush, No. 05-CV-1506 (RMC) (dkt. no. 10); Idris v. Bush, No. 05-CV-1555 (JR) (dkt. no. 6); Al Razak v. Bush, No. 05-CV-1601 (GK) (Minute Order dated November 14, 2005); Kabir v. Bush, No. 05-CV-1704 (JR) (dkt. no. 18); Qasim v. Bush, No. 05-CV-1779 (JDB) (dkt. no. 4); Zakirjan v. Bush, No. 05-CV-2053 (HHK) (dkt. no. 17); Muhammed v. Bush, No. 05-CV-2087 (RMC) (dkt. no. 11). Judge Oberdorfer dismissed the next friend petitioner in Idris v. Bush because the detainee for whom habeas relief was purportedly sought also filed a pro se petition for habeas corpus. See Idris v. Bush, No. 05-CV-1555 (JR) (dkt. no. 8). Judge Oberdorfer dismissed respondents' motions for order to show cause in Zakirjan v. Bush and Muhammed v. Bush as moot based on the petitioners there, subsequent to filing of the petitions, providing evidence of direct authorization of the petition by the detainees for whom habeas relief is sought in those cases. See Zakirjan v. Bush, No. 05-CV-2053 (HHK) (dkt. no. 24); Muhammed v. Bush, No. 05-CV-2087 (RMC) (dkt. no. 17). In some of the other cases, Judge Oberdorfer granted respondents' motion for order to show cause and set a hearing for December 5, 2005, which has been continued pending additional efforts by counsel to attempt to establish adequate next friend standing in these cases. See, e.g., Ahmed Doe v. Bush, No. 05-CV-1458 (ESH) (dkt. nos. 10, 16).

## ARGUMENT

It is well-established that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue" under Article III of the Constitution. Whitmore, 495 U.S. at 154. The standing doctrine "ensure[s] that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate in a society that takes seriously both the idea of separation of powers and, more fundamentally, the system of democratic self-government that such separation serves." Hamdi v. Rumsfeld, 294 F.3d 598, 602-03 (4th Cir. 2002) (citation and internal quotations omitted).[3] "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). A habeas petitioner has proper standing only if the petition is "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. If a petition is brought by someone acting on behalf of the person for whose relief the petition is intended, this "next friend" does not become a party to the action, but "simply pursues the cause on behalf of the detained person, who remains the real party in interest." Whitmore, 495 U.S. at 163.

---

[3] The cited 2002 decision of the Fourth Circuit in Hamdi ordered dismissal of a habeas case that a public defender and private citizen brought as purported next friends of Hamdi despite having no relationship with him. That deficiency was cured when Hamdi's father filed a legitimate next-friend petition bearing the same style, which eventually culminated in the 2004 decision of the Supreme Court in Hamdi v. Rumsfeld, 124 S. Ct. 2633 (2004). See Hamdi, 294 F.3d at 600 n.1, 606-07 & n.4; see also Hamdi, 124 S. Ct. at 2636. Of course, neither the fact that the defect was cured, nor the Supreme Court's ultimate decision in the properly filed habeas case, undermines or casts doubt on the Fourth Circuit's holdings concerning next friend standing in the defective case brought by the public defender and private citizen.

Next friend standing is not automatically granted to anyone who seeks to pursue an action on behalf of another person, however. See id. Rather, consistent with the constitutional limits established by Article III, a litigant who asserts next friend standing bears the burden of satisfying the "two firmly rooted prerequisites" for next friend status articulated by the Supreme Court in Whitmore:

> First, a "next friend" must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Id. at 163-64 (internal citations omitted).

The petition in the above-captioned case does not meet either prong of the Whitmore test. First, petitioners have failed to demonstrate that the detainee for whom habeas relief is sought cannot submit a petition on his own behalf. As explained in the Declaration of Frank Sweigart, the Department of Defense ("DoD") has notified each detainee at Guantanamo Bay of his right to file a petition for habeas corpus, and has provided each detainee with the address of the United States District Court in the event that he desires to submit his own petition to the Court.[4] See (Second) Sweigart Declaration, ¶¶ 3-5 (attached hereto as Exhibit A). As a result of these notifications, 56 pro se petitions for writ of habeas corpus have already been filed with the

[4] Detainees are afforded the opportunity regularly to send and receive mail through the mail system administered by DoD and through the International Committee for the Red Cross. Detainees are supplied pens, paper and envelopes regularly, and mail privileges cannot be revoked. See Sweigart Declaration, Ex. D.

Court.[5] Furthermore, DoD has taken affirmative steps to facilitate legal representation for detainees who have indicated a desire to challenge the legality of their detention by providing such detainees with a form to complete and mail to the American Bar Association ("ABA"), which has agreed to recruit volunteer counsel for detainees desiring representation. See id., ¶ 7. In addition, all detainees at Guantanamo Bay have the ability to send and receive mail, allowing them to contact family and friends, see id., Ex. D; supra, note 4, and they have been informed of the option of contacting friends and family to have them file habeas petitions on their behalf.

---

[5] As of September 19, 2005, the date that the Sweigart Declaration was executed, there were 55 *pro se* petitions filed with the Court. See Khiali-Gul v. Bush, No. 05-CV-0877 (JR); Rahmattulah v. Bush, No. 05-CV-0878 (CKK); Mohammad v. Bush, No. 05-CV-0879 (RBW); Nasrat v. Bush, No. 05-CV-0880 (ESH); Slahi v. Bush, No. 05-CV-0881 (JR); Rahman v. Bush, No. 05-CV-0882 (GK); Bostan v. Bush, No. 05-CV-0883 (RBW); Muhibullah v. Bush, No. 05-CV-0884 (RMC); Mohammad v. Bush, No. 05-CV-0885 (GK); Wahab v. Bush, No. 05-CV-0886 (EGS); Chaman v. Bush, No. 05-CV-0887 (RWR); Gul v. Bush, No. 05-CV-0888 (CKK); Basardh v. Bush, No. 05-CV-0889 (ESH); Khan v. Bush, No. 05-CV-0890 (RMC); Nasrullah v. Bush, No. 05-CV-0891 (RBW); Shaaban v. Bush, No. 05-CV-0892 (CKK); Sohail v. Bush, No. 05-CV-0993 (RMU); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB); Slahi v. Bush, No. 05-CV-0995 (JR); Mohammad v. Bush, No. 05-CV-0996 (JR); Khudaidad v. Bush, No. 05-CV-0997 (PLF); Al Karim v. Bush, No. 05-CV-0998 (RMU); Al-Khalaqi v. Bush, No. 05-CV-0999 (RBW); Sarajuddin v. Bush, No. 05-CV-1000 (PLF); Kahn v. Bush, No. 05-CV-1001 (ESH); Mohammed v. Bush, No. 05-CV-1002 (EGS); Mangut v. Bush, No. 05-CV-1008 (JDB); Hamad v. Bush, No. 05-CV-1009 (JDB); Khan v. Bush, No. 05-CV-1010 (RJL); Zuhoor v. Bush, No. 05-CV-1011 (JR); Ali Shah v. Bush, No. 05-CV-1012 (ESH); Salaam v. Bush, No. 05-CV-1013 (JDB); Mammar v. Bush, No. 05-CV-1233 (RCL); Ahmed v. Bush, No. 05-CV-1234 (EGS); Baqi v. Bush, No. 05-CV-1235 (PLF); Abdulzaher v. Bush, No. 05-CV-1236 (RWR); Aminullah v. Bush, No. 05-CV-1237 (ESH); Ghalib v. Bush, No. 05-CV-1238 (CKK); Al Khaiy v. Bush, No. 05-CV-1239 (RJL); Altaiy v. Bush, No. 05-CV-1240 (RCL); Bukhari v. Bush, No. 05-CV-1241 (RMC); Pirzai v. Bush, No. 05-CV-1242 (RCL); Peerzai v. Bush, No. 05-CV-1243 (RCL); Alsawam v. Bush, No. 05-CV-1244 (CKK); Mohammadi v. Bush, No. 05-CV-1246 (RWR); Al Ginco v. Bush, No. 05-CV-1310 (RJL); Ullah v. Bush, No. 05-CV-1311 (RCL); Al Bihani v. Bush, No. 05-CV-1312 (RJL); Sadkhan v. Bush, No. 05-CV-1487 (RMC); Faizullah v. Bush, No. 05-CV-1489 (RMU); Faraj v. Bush, No. 05-CV-1490 (PLF); Khan v. Bush, No. 05-CV-1491 (JR); Ahmad v. Bush, No. 05-CV-1492 (RCL); Amon v. Bush, No. 05-CV-1493 (RBW); Idris v. Bush, No. 05-CV-1555 (JR). Since that date, one additional *pro se* petition has been filed. See Jamolivich v. Bush, No. 05-CV-2112 (RBW).

Given that all detainees have been notified of their right to submit petitions for writ of habeas corpus; that they have the ongoing opportunity to send mail to family, friends, and the Court; and that the ABA has agreed to offer the detainees assistance in securing legal representation, it cannot simply be assumed that the detainee seeking habeas relief in the above-captioned case cannot submit a petition on his own behalf. The next friend petition in this case, however, does just that. See Petition, ¶ 4 ("Because Petitioner Ahmed Ben Bacha has been denied access to legal counsel and to the courts of the United States, and speaks limited English, Binyam Mohammed acts as his Next Friend."). See also Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12) ("The petition presumes, rather than demonstrates through facts, that Ahmed has been denied access to the courts of the United States. . . . In light of the fact that several pro se petitions have been filed recently by Guantanamo Bay detainees, Ahmed's lack of access to this court cannot be presumed, but must be established.");[6] Hamlily v. Bush, No. 05-CV-0763 (JDB) (Order dated October 3, 2005) (dkt. no. 16) ("[The petition] states only that [Hamlily] is 'being held essentially communicado' and that 'his family

---

[6] The issue of next friend standing was raised sua sponte by Judge Roberts in Ahmed v. Bush, No. 05-CV-0665 (RWR), another Guantanamo Bay detainee case. Based on an observation that the petition presented scant facts demonstrating that the Whitmore requirements were satisfied, Judge Roberts ordered petitioners to file a memorandum and supporting materials tending to demonstrate that the detainee who purported to act as next friend in that case should be granted next friend standing. See Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12). Petitioners filed a memorandum in response to the Court's Order, in an attempt to demonstrate that both prongs of the Whitmore test were satisfied. See Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 13). Although respondents filed a response to petitioners' memorandum indicating that they took no position on petitioners' memorandum at that time, see Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 14), and the Court in that case did not issue any subsequent ruling on the issue, respondents now seek to challenge next friend standing in certain recently-filed Guantanamo Bay detainee cases in which the appropriate next friend standing requirements have not been satisfied.

members have not been able to contact U.S. counsel to file a petition on his behalf.' . . . There is a serious question as to whether this alone is sufficient to establish Hamlily's inability to prosecute this action on his own behalf.");[7] Ahmed Doe v. Bush, No. 05-1458 (ESH), et al., (Order dated November 4, 2005) (dkt. no. 10) (Oberdorfer, J.) ("Petitioners do not explain why the detainees that they purport to represent as next friends are in a materially different position than the detainees who have filed petitions with this Court.").

Absent evidence that the detainee on whose behalf this case is filed cannot submit a petition on his own behalf, petitioners cannot demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petition in the above-captioned case. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'") (citations omitted).

The purported "next friend" in this case has also failed to satisfy the second requirement of the Whitmore test — he has not established that he has a "significant relationship" with the alleged detainee on whose behalf habeas relief is sought such that he is "truly dedicated to [his] best interests." See Whitmore, 495 U.S. at 163-64.[8] The requirement of a "significant

[7] On October 31, 2005, Judge Bates discharged the order to show cause regarding next friend standing that he entered *sua sponte* in Hamlily v. Bush based on counsel's showing that the detainee in that case directly requested legal representation and authorized counsel's filing of the petition. See Order dated October 31, 2005 in Hamlily v. Bush, No. 05-CV-0763 (JDB) (dkt. no. 19) (discharging order to show cause and dismissing next friend petitioner in the case). Judge Bates noted, however, that "counsel's filing fail[ed] to address several of the serious deficiencies in next friend standing" raised in the Court's order to show cause. See id. at 2.

[8] The majority of Circuits that have been confronted with the issue have construed Whitmore to require a "significant relationship" as part of the second prong of the test for next friend standing. See Hamdi v. Rumsfeld, 294 F.3d 598, 604 (4th Cir. 2002) ("Whitmore is thus

relationship" with the real party in interest is necessary to ensure that a next friend will genuinely pursue the interests of the person in custody (who at all times remains the real party in interest) and will not (1) merely use the litigation as a vehicle for advancing his own agenda or (2) assume he or she is in tune with the real party's desires and interests. See id. at 164 (cautioning against "intruders or uninvited meddlers" filing lawsuits on behalf of unwitting strangers).

Thus, under the "significant relationship" requirement, courts have generally limited next friend standing to close relatives such as parents, siblings, and spouses. See, e.g., Vargas v. Lambert, 159 F.3d 1161, 1168 (9th Cir. 1998) (mother); Hamdi, 294 F.3d at 600 n.1 (father); Smith ex rel. Missouri Pub. Defender Comm'n v. Armontrout, 812 F.2d 1050 (8th Cir. 1987)

---

most faithfully understood as requiring a would-be next friend to have a significant relationship with the real party in interest."); Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1162 (9th Cir. 2002) ("Combining the 'significant relationship' requirement, however, with the 'dedicated to best interests' consideration . . . meets the concerns the Whitmore Court addressed."); T.W. v. Brophy, 124 F.3d 893, 897 (7th Cir. 1997) ("It follows, as the Court suggested in the Whitmore case, that not just anyone who expresses an interest in the subject matter of a suit is eligible to be the plaintiff's next friend – that he 'must have some significant relationship with the real party in interest'"); Amerson v. Iowa, 59 F.3d 92, 93 n.3 (8th Cir. 1995) (under Whitmore, the "next friend has [the] burden to establish . . . that she has some "significant relationship with [the] real party in interest"); Zettlemoyer v. Horn, 53 F.3d 24, 27 n.4 (3d Cir. 1995) (observing that "[t]he Whitmore Court also . . . suggested that the party 'must have some significant relationship with the real party in interest'"). See also Al Odah v. Bush, 321 F.3d 1134, 1138 (D.C. Cir. 2003), rev'd on other grounds, Rasul v. Bush, 542 U.S. 466 (2004) (stating that the family members of Guantanamo detainees who filed habeas petitions on their behalf "demonstrated through affidavits that they are 'truly dedicated to the best interests of these individuals,' [and] that they have a 'significant relationship' with the detainees . . .") (citing Whitmore, 495 U.S. at 163-64). Although the Eleventh Circuit questioned whether Whitmore established "some significant relationship" as an independent requirement, it nevertheless noted the importance of a relationship in demonstrating whether a putative next friend "can show true dedication to the best interests of the person on whose behalf he seeks to litigate." Sanchez-Velasco v. Secretary of the Dep't of Corrections, 287 F.3d 1015, 1026-27 (11th Cir. 2002). See also Centobie v. Campbell, 407 F.3d 1149, 1151 (11th Cir. 2005) ("We conclude that Puzone is not 'truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate,' and she does not have 'some significant relationship with the party in interest.'") (citing Hauser v. Moore, 223 F.3d 1316, 1322 (11th Cir. 2000)).

(brother); In re Ferrens, No. 4746, 8 F. Cas. 1158, 1159 (S.D.N.Y. 1869) (wife). Attorneys who have previously represented an individual seeking habeas corpus have also been permitted to act as next friends based on that pre-existing relationship. See Sanchez-Velasco, 287 F.3d at 1026 ("'[S]ome significant relationship' does exist when the would-be next friend has served in a prior proceeding as counsel for the real party in interest and did so with his consent."). Distant relatives or simple acquaintances generally do not have a sufficient relationship to establish next friend standing, see, e.g., Davis v. Austin, 492 F. Supp. 273, 274-76 (N.D. Ga. 1980) (neither detainee's first cousin nor a minister who had counseled detainee could sue as next friend) (cited with approval in Whitmore, 495 U.S. at 164), and petitions filed by total strangers purporting to act as next friends are typically dismissed for lack of jurisdiction. See, e.g., Hamdi, 294 F.3d at 603-07 (dismissing petitions brought by a public defender and private citizen who had no relationship to the detainee).

In the above-captioned case, the putative next friend petitioner has failed to demonstrate that he has any sort of "significant relationship" with the detainee on whose behalf he claims to seek habeas relief. The "authorization" submitted by Binyam Mohammed contains boilerplate language stating that he understands what it means to act as a "next friend," and that he believes that the detainee on whose behalf he claims to seek habeas relief wants legal representation to challenge his detention, without stating any legitimate basis for his belief beyond the fact that he has also been detained at Guantanamo Bay.[9] See Petition, Ex. A (stating, "the following people

[9] If a detainee were able to act as next friend for another detainee simply based on the mere fact that they are both detained at Guantanamo, detainees or prisoners could purport to bring mass habeas corpus petitions simply by being able to list the identities of those detained alongside them, a situation that is surely inconsistent with standing jurisprudence. See Othman v. Bush, No. 05-CV-2088 (RWR) (dkt. no. 2) ("The petition's characterization of Al Wahab as

who I know from being held in the custody of the U.S. have expressed the desire to have the legal assistance of counsel" without providing any basis for this knowledge or detailed descriptions of these detainees). This dearth of basic biographical and personal information about the detainee on whose behalf habeas relief is sought indicates that the purported next friend does not share any meaningful relationship with this detainee and, therefore, cannot be determined to be acting in his best interests.[10] Because even acquaintances cannot satisfy the requirement of a significant relationship under Whitmore, and the minimal information presented in the petition indicates that the purported next friend merely knows of another detainee or, at best, is a mere acquaintance with the detainee on whose behalf he seeks habeas relief, Mr. Mohammed has failed to demonstrate that he is "truly dedicated to [Mr. Ben Bacha's] best interests." Whitmore, 495 U.S. at 163. Absent proof that evidences a significant relationship,

---

Othman's "companion" is an insufficient showing upon which to make any judgment about Al Wahab's fitness to serve[] as next friend. The companionship may be by dint of mere fortuity of co-location in detention with no more substance to the relationship than that.").

[10] See also Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12) ("The petition does not provide basic personal facts about Ahmed, such as his citizenship, his age, whether he is married or has a family, the place of his arrest or capture, and the places of detention, if any, prior to his being transported to Guantanamo Bay. The absence of such facts leaves the impression that Hassen does not know even this much about Ahmed and his situation."); Hamlily v. Bush, No. 05-CV-0763 (JDB) (Order dated October 3, 2005) (dkt. no. 16) ("The Court notes the total lack of any basic facts about Hamlily in the petition or other filings in this case -- most notably, the absence of any details concerning Hamlily's individual conditions of confinement (in contrast to the detainee population at large), including interrogations of Hamlily, inadequacies in his diet or medical care, or restrictions on, or interference with, the practice of his religion. This lack of necessary factual information suggests that Aamer does not have a 'significant relationship' with Hamlily."); Othman v. Bush, No. 05-CV-2088 (RWR) ("The petition alleges no facts and attaches no declarations or affidavits about the length or nature of the acquaintance, the basis for the Court to trust that Al Wahab will pursue Othman's best interests, or even whether Al Wahab has discussed his proposed next friend status with Othman and received Othman's consent.").

petitioners cannot demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petition in the above-captioned case.[11]

In addition to the jurisdictional defect arising out of the lack of a significant relationship between the purported next friend and the party in interest, the phenomenon of detainees filing petitions purportedly on behalf of other detainees about whom they have little knowledge presents the practical difficulty of identifying the detainees for whom habeas relief is sought. Given the similar names or aliases of many of the approximately 500 individuals detained at Guantanamo Bay, it is often difficult, if not impossible, to correctly identify detainees based on the minimal information provided in the petitions. Respondents are often left trying to guess at a detainee's identity. Indeed, respondents have yet to identify approximately 90 purported petitioners as individuals presently detained at Guantanamo Bay. Moreover, there have already been two instances in which respondents incorrectly identified petitioners in the Guantanamo Bay detainee cases; errors which, unfortunately, were not discovered until counsel visited and interviewed these detainees at Guantanamo Bay. Requiring petitions to be filed either through direct authorization by the detainees on whose behalf habeas relief is sought, or through individuals who can demonstrate a significant relationship with the detainees, would diminish the

---

[11] Approximately 200 detainees at Guantanamo Bay have filed petitions for writ of habeas corpus through family members who arguably meet the "significant relationship" requirement. See, e.g., Hatim v. Bush, No. 05-CV-1429 (RMU) (filed on behalf of two detainees by their siblings, Fatima Nasser Yahia Abdullah Kussrof and Ali Mohammed Saleh Al-Salahi); Rabbani v. Bush, No. 05-CV-1607 (JR) (filed on behalf of two detainees by their wives, Malika and Fouzia Ahmmed); Sadkhan v. Bush, No. 05-CV-1679 (RJL) (filed on behalf of detainee by his father, Jabbar Sadkhan Al-Sahlani).

identification issues that have plagued the parties in the Guantanamo detainee litigation thus far.[12]

In sum, the petition in the above-captioned case fails to satisfy the standing requirements articulated by the Supreme Court in Whitmore. Jurisdiction must be established and this case must be properly before the Court before any proceedings may commence, including counsel visits to Guantanamo Bay and privileged mail access pursuant to the Protective Order.[13] If petitioners are unable to demonstrate that the petition was filed by a legitimate next friend, the Court cannot exercise jurisdiction over the petition, and the case must be dismissed for lack of standing.

---

[12] In addition, the phenomenon of detainees purporting to act as next friends results in counsel improperly abusing the next friend device in order merely to solicit the Guantanamo detainee population for clients, while in the meantime seeking various forms of relief with respect to anyone a purported next friend detainee, such as Mr. Mohammed, can remember having come in contact with.

[13] Even the Protective Order and counsel access procedures typically made applicable in Guantanamo detainee habeas cases provides that "[p]rior to being permitted access to the detainee," counsel must "provide evidence of his or her authority to represent the detainee." See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. Nov. 8, 2004), Ex. A, § III.C.1. Counsel has yet to provide sufficient evidence of their "authority to represent" the detainees for whom habeas relief is purportedly sought, i.e., to demonstrate the satisfaction of the requirements of next friend standing in this matter. The Protective Order thus contemplates counsel access to the detainees (including privileged mail correspondence and visits to Guantanamo Bay) only in cases properly before the Court.

**CONCLUSION**

For the reasons stated, the Court should order petitioners to show cause why this case should not be dismissed for lack of proper next friend standing. Petitioners' motion for entry of the protective order should be denied.

Dated: January 5, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

/s/ Preeya M. Noronha

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7144
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

Attorneys for Respondents