PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AHMED BEN BACHA, et al.,** | ) |
| | ) |
| *Petitioners/Plaintiffs*, | ) |
| | ) |
| v. | ) Civ. No. 05-cv-2349 (RMC) |
| | ) |
| **GEORGE W. BUSH, et al.,** | ) |
| | ) |
| *Respondents/Defendants*. | ) |
| _____ | ) |

**OPPOSITION TO RESPONDENTS' MOTION
FOR AN ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE
DISMISSED FOR LACK OF PROPER NEXT FRIEND STANDING**

The Court should deny Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper Next Friend Standing. Next friend Binyam Mohammed, a fellow prisoner at Guantánamo Bay, meets the criteria of a next friend. Therefore, there is no basis for the issuance of an order to show cause. Further, the Court should enter the Protective Order requested by Petitioners.

**ARGUMENT**

It is neither necessary nor appropriate for the Court to issue an order to show cause. The standards laid out in Whitmore v. Arkansas, 495 U.S. 149 (1990) are met. See Whitmore, 495 U.S. 163-164 ("First, a 'next friend' must provide an adequate explanation-such as inaccessibility, mental incompetence, or

1

PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.") (citations omitted).  Respondents' motion should be denied.[1]

Respondents have acknowledged that Ahmed Ben Bacha and other prisoners are entitled to be represented by counsel for the purpose of seeking a petition for a writ of habeas corpus.  Motion at 5-6; Exhibit A to Motion at ¶ 3.  They suggest that there are processes by which prisoners are notified of their right to file a habeas petition (including through a "friend") and to request counsel.  They tout a process negotiated with the American Bar Association, thereby acknowledging that there should be a meaningful procedure for advising detainees of their habeas rights and for allowing them to request representation by counsel.

Respondents do not mention, however, that under the Detainee Treatment Act, enacted as part of the Department of Defense Appropriations Act, 2006, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (signed into law December 30, 2005), all new habeas petitions by Guantánamo prisoners are barred, no matter how the petition is brought.  Nor does the law allow for refiling of a habeas petition by a Guantánamo prisoner if a pending petition is dismissed.  If the Court dismisses this action, Ahmed Ben Bacha would not be able to take advantage of the ABA process or any other, as jurisdiction to hear new habeas cases has been stripped from the district courts.  Simply put, he would be thrown down the black hole of Guantánamo with no way to challenge his illegal imprisonment.  It must be

---

[1] Petitioners reserve their legal and factual arguments in support of standing for briefing in the event the Court issues an order to show cause.

2

remembered that Mr. Ben Bacha has been held almost four years without any charge. Ahmed Ben Bacha's only means of challenging his detention and having the assistance of counsel to do so, as he told his next friend he wished to do, is through this petition.

Respondents have made clear to all the prisoners at Guantánamo that they can file a habeas petition through a friend. The Declaration of Frank Sweigert attached to Respondents' Motion states that prisoners in various categories have been informed that they have the right to file a federal habeas petition challenging the lawfulness of their imprisonment. The notifications state, *inter alia*:

> You may ask a friend or family member or lawyer to file such a petition with the Court. If you do not have a lawyer or a family member or a friend who could file this petition for you, you may file your own petition.

Declaration of Frank Sweigart, attached to Motion for Order to Show Cause, Exhibits A, B, C.

Respondents have repeatedly accepted fellow prisoners as next friends in habeas petitions challenging the unlawful imprisonment of the men at Guantánamo Bay. See, e.g., Does v. Bush, 05-CV-0313 (CKK), Motion to Dismiss at 15-16, March 17, 2005 (stating "[t]he vast majority of these detainees have filed petitions through other individuals acting as *legitimate next friends* — family members, an attorney who already represented the detainee in pending military commission proceedings, *and fellow detainees*;" citing Sliti v. Bush, No. 05-CV-429 (RJL) and M.C. v. Bush, No. 05-CV-430 (ESH) as examples of cases where fellow prisoner was legitimate next friend) (emphasis added).

Mr. Ben Bacha did exactly as Respondents' notifications provide: he asked a friend to obtain counsel and file this petition on his behalf. Mr. Mohammed's statement

3

that Mr. Ben Bacha desires representation constitutes *prima facie* evidence of standing in accordance with the notifications given by Respondents.  Mr. Mohammed should be accepted as a legitimate next friend for a simple reason: he is.[2]

The very need for Mr. Mohammed to act as Ahmed Ben Bacha's next friend is due to Respondents' own policies.  According to the Department of Defense, "the only counsel currently provided access to the detainees are counsel who are employed or retained by or on behalf of a detainee for purposes of representing the detainee in habeas corpus or other litigation in federal court in the United States and who are admitted, either generally or pro hac vice, in the jurisdiction where the habeas petition or other litigation is pending."  Nov. 3, 2004 letter to Mr. Shayana Kadidal, Exhibit E to Declaration of Barbara Olshansky dated September 9, 2005 (attached hereto as Exhibit 1).  Therefore, under Respondents' own procedures, counsel must first file a habeas corpus petition on behalf of a prisoner in order to meet with the prisoner.  The only petition that counsel can file before such a meeting is a next friend petition.

There are myriad obstacles to communication with prisoners at Guantánamo Bay, let alone representing them.  See Declaration of Clive A. Stafford Smith, generally, and specifically ¶¶ 6-8, 15-19, 28, 29, 90-96 and 128-140 (detailing counsel's bona fides and experience with Guantánamo procedures and obstacles relative to prisoner communication and representation) (attached

---

[2] Incredibly, Respondents, who have repeatedly interrogated Mr. Ben Bacha and his fellow prisoners and hold all the information about them, now argue that "the phenomenon of detainees filing petitions purportedly on behalf of other detainees about whom they have little knowledge presents the practical difficulty of identifying the detainees for whom habeas relief is sought." Respondents' Motion for Order to Show Cause at 11.  Mr. Mohammed provided Mr. Ben Bacha's ISN to Counsel and Counsel provided it to Respondents.  There is no question who Mr. Ben Bacha is.  If there is, that is entirely due to Respondents' utter refusal to share identifying information with Counsel.  The argument that it is "difficult to identify" prisoners is a transparent attempt to further obstruct Mr. Ben Bacha's access to the Court.

4

PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

hereto as Exhibit 2).

Mr. Ben Bacha and his fellow prisoners have been held virtually incommunicado at Guantánamo, in isolation from external family and friends. See Smith Declaration at ¶ 46. As a matter of policy at Guantánamo, many prisoners do not have access to pen and paper. Id. at ¶ 95. Those that have access to writing implements face an intentionally inconsistent and unreliable mail system, which is characterized by the non-delivery of mail or delivery delays of up to five months. Id. at ¶ 80. Like other prisoners, Mr. Ben Bacha has had no contact with the news media or virtually anyone outside the closed Guantánamo prison system. Id. at ¶ 46. Mr. Ben Bacha does not read or write English and speaks only a little. He could not have realistically filed his own habeas petition. The first Whitmore prong is met.

Even were Mr. Ben Bacha able to get mail to his family, requesting that a family member be a "next friend" might put the family member in danger. Id. at ¶ 74. They cannot realistically be approached and asked to serve as next friends.[3] Because Respondents' policies have made prisoners' family members in almost all cases unreachable, prisoners must rely on fellow prisoners for access to the Courts. See Olshansky Declaration, ¶ 5. Mr. Ben Bacha has every reason to rely on his friendships with other prisoners who speak his language and suffer under the same disabilities. Mr. Mohammed and Mr. Ben Bacha's interests could not be more strongly aligned. The similarity of brutal treatment, the common faith,

---

[3] Respondents have refused to divulge to Counsel the names of the Guantánamo prisoners, their countries of origin, or the names of their relatives. See Smith Declaration at ¶ 14. Therefore, not even considering the potential danger to the families of getting involved, it is impossible for Counsel to even know how to reach Mr. Ben Bacha's family members to determine whether they wish to serve as next friends.

5

PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

language and uncertain legal status, not to mention the shared bond of having lived in England, Mr. Ben Bacha for at least two years, Mr. Mohammed for more than seven, only enforce the reliability of Mr. Mohammed's status as a next friend. Under these circumstances, the willingness of one prisoner to act on behalf of a friend is powerful evidence of a significant relationship to satisfy the second prong of Whitmore, a relationship only enhanced by the historically unprecedented conditions of imprisonment.

As there is no basis to challenge Mr. Mohammed's next friend standing, the Court should deny Respondents' motion and enter the protective order requested by Petitioners.

However, if the Court does wish to have further information to ensure that Mr. Mohammed is an adequate next friend, Petitioners' Counsel respectfully request that they be permitted to visit Mr. Mohammed to verify the depth of his relationship with Mr. Ben Bacha. This solution is already being pursued in other next friend petitions facing similar challenges: Nabil v. Bush, 05-CV-1504 (RMC), Shafiq v. Bush, 05-CV-1506 (RMC), and Al Hawary v. Bush, 05-CV-1505 (RMC). In those cases, Judge Oberfelder reserved ruling on the next friend issue, and instead referred the matter to Magistrate Judge Kay to mediate access to the affected Petitioners and/or their next friends. Together with Magistrate Kay, counsel for Petitioners and Respondents agreed that cooperating counsel at the Center for Constitutional Rights would be allowed access to several next friends during a scheduled visit to Guantánamo. Counsel for Mr. Ben Bacha represents Mr. Mohammed in his habeas petition pending before this Court, Habashi v. Bush, 05-CV-765 (EGS), and the protective order requested in this case is already in place in Habashi v. Bush. Counsel for Petitioners has requested permission to visit Guantánamo from

March 5-12 and would hopefully be able to visit with Mr. Mohammed then.  Thus, if the Court does not see fit to deny this Motion, Petitioners respectfully request that the Court delay ruling on this motion until after such a visit.

Alternatively, Petitioners request that the Court substitute Yvette Firth as next friend for Mr. Ben Bacha.  As outlined in the attached affidavit, Ms. Firth worked with Ahmed Ben Bacha in Bournemouth, England between 1999 and 2001 and requests to stand as his next friend.  See Exhibit 3 at ¶¶ 2-4.

As Ms. Firth explains, Mr. Ben Bacha had to rely on others when dealing with written English, and his spoken English is not good.  Thus, even if Mr. Ben Bacha knew of his opportunity to file a habeas petition pro se, his lack of written English, let alone access to a law library, would bar any reasonable attempt at a habeas petition on his own.  Mr. Ben Bacha followed Respondents' advice, indeed the only channel realistically available to him, and asked Mr. Mohammed to secure counsel for him and through counsel to contest his imprisonment.  His petition must be permitted to go forward.

## CONCLUSION

Binyam Mohammed meets the criteria to serve as next friend for Ahmed Ben Bacha.  If the Court needs further evidence of the relationship between Mr. Mohammed and Mr. Ben Bacha, Counsel requests that they be permitted to meet with Mr. Mohammed and share the resulting information about his relationship with Mr. Ben Bacha with the Court, before the Court rules on this motion.  Alternatively, Yvette Firth meets the Whitmore standard and should be substituted as next friend.  The Court should permit this action to proceed and should enter the Protective Order requested by

PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

Petitioners.

Dated:   January 17, 2006      Respectfully submitted,

_____
James W. Beane Jr.
U.S. District Court for the
District of Columbia Bar No. 444920
803 Florida Avenue, N.W.
Washington, D.C. 20001
(202) 257-3920 (tel)
(703) 354-3456 (fax)
e-mail: beane.law@verizon.net

Clive A. Stafford Smith
636 Baronne Street
New Orleans, La. 70113
(504) 558 9867
e-mail: clivess@mac.com

Zachary Katznelson
P.O. Box 52742
London EC4P 4WS
England
011 44 207 353 4640
e-mail: zachary@reprieve.org.uk

*Counsel for Petitioners*