IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AHMED BEN BACHA, et al.,** | ) | |
| | ) | |
| *Petitioners/Plaintiffs*, | ) | |
| | ) | |
| v. | ) | 05-cv-02349 (RMC) |
| | ) | |
| **GEORGE W. BUSH, et al.,** | ) | |
| | ) | |
| *Respondents/Defendants*. | ) | |
| _____ | ) | |

## MOTION FOR TEMPORARY LIFT OF STAY, SUBSTITUTION OF NEXT FRIEND AND ENTRY OF PROTECTIVE ORDER

Petitioner Ahmed Belbacha[1] respectfully requests that the Court lift the stay in place in this case and enter the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, ("Amended Protective Order")[2] first issued on November 10, 2004 in the *In re Guantánamo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green and since entered in related *habeas* proceedings before this Court and the Courts of this District. *See, e.g.*, *Begg v. Bush*, 04-cv-1137-RMC (D.D.C. Nov. 8, 2004); *Belmar v. Bush*, 04-cv-1897-RMC (D.D.C. Nov. 15, 2004); *Deghayes v. Bush*, 04-cv-2215-RMC (D.D.C. Feb. 22, 2005); *Zaeef v. Bush*, 05-cv-660-RMC (D.D.C. July 22, 2005); *Mousovi*

---

[1] Counsel originally filed this petition on behalf Mr. Belbacha, ISN 290, erroneously spelling his last name Ben Bacha. After communicating with petitioner's family and friends, however, Counsel has learned that the proper spelling of his client's last name is Belbacha. Counsel apologizes for this error and respectfully requests that all further references to his client use the name Belbacha.

[2] The Amended Protective Order includes the following orders entered in *In re Guantánamo Detainee Cases*: Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2005; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004. *See* Exhibits 1-3.

1

*v. Bush*, 05-cv-1124-RMC (D.D.C. July 22, 2005); *Saib v. Bush*, 05-cv-1353-RMC (D.D.C. Aug. 1, 2005); *Al-Qahtani v. Bush*, 05-cv-1971-RMC (D.D.C. Oct. 26, 2005); *Bukhari v. Bush*, 05-cv-1241-RMC (D.D.C. Dec. 21, 2005); *Al-Shimrani v. Bush*, 05-cv-2249-RMC (D.D.C. Dec. 23, 2005).

The government conditions Petitioner's right to access to counsel, as affirmed in *Al Odah, et al. v. Bush, et al*, 346 F.Supp.2d (D.D.C. 2004), upon entry of the Amended Protective Order, and counsel is prohibited from meeting with Petitioner until the Amended Protective Order is entered. In the absence of the order, counsel are also prohibited from sending or receiving legal mail from Petitioner and are therefore unable to initiate, let alone establish, a functioning attorney-client relationship. Mr. Belbacha does not even know that he has counsel. Entry of the Amended Protective Order would afford Mr. Belbacha's counsel the opportunities provided counsel in other Guantánamo cases to visit their clients and to send them privileged attorney-client mail by way of the legal mail procedures outlined in the Amended Protective Order.[3] Undersigned counsel has just received security clearance to visit Guantánamo. The only reason he cannot visit Mr. Belbacha is the lack of entry of the Amended Protective Order.

Mr. Belbacha has been held in Guantánamo for over four years now without access to an attorney. He first requested counsel via a next friend, fellow prisoner Binyam Mohamed, in May 2005. Counsel attempted unsuccessfully to locate an attorney for Mr. Belbacha, but none could be found. As such, because Mr. Belbacha was a British resident, and counsel has represented most of the British residents to date, Counsel filed a

---

[3] Although Petitioner is moving for entry of the Amended Protective Order, he reserves the right to challenge or seek modification of any particular terms of the Protective Order in the future, and to ask this Court to review any designation made by respondents of particular information as "protected," as may be appropriate.

2

petition for Mr. Belbacha on December 8, 2005.  Counsel has taken on this case *pro bono*.

Counsel filed a motion for entry of protective order on December 22, 2005.  The government refused to consent to entry of the protective order on the grounds that Mr. Mohamed was not a valid next friend.

On January 5, 2006, the government filed a motion for order to show cause why the case should not be dismissed for lack of proper next friend standing.  Petitioner filed an opposition to that motion, but before ruling on the motion, the Court issued an order dated January 27, 2006, "denying without prejudice all pending motions until such time as the District of Columbia Circuit resolves the question of this Court's jurisdiction to adjudicate these cases; and staying the action pending the jurisdictional ruling of the District of Columbia Circuit."

Since that date, counsel has tracked down Mr. Belbacha's family in Algeria.  On April 20, 2006, counsel received written authorization from Mr. Belbacha's father, Salah Belbacha, to represent his son.  *See* Exhibit 4.

On April 20, 2006, pursuant to Local Civil Rule 7(m), counsel informed Respondents' counsel that we had received authorization from Mr. Belbacha's father, and sought consent for substitution of him as next friend and for entry of the Amended Protective Order.  The following day, Respondent's counsel replied:

> Respondents have no objection to substitution of the next friend in this action.  Respondents oppose entry of the Protective Order, however, in light of the Detainee Treatment Act and Judge Collyer's January 27, 2006 stay of all action in this case.

Consistent with Respondents' agreement on this point, counsel respectfully requests that Salah Belbacha be substituted as next friend for his son, Ahmed Belbacha.

3

The Government's opposition to entry of the Amended Protective Order must be rejected. Since the enactment of the Detainee Treatment Act on December 30, 2005, the Amended Protective Order has been entered in numerous Guantánamo habeas cases, including several that had been stayed pending decisions on subject matter jurisdiction. *See*, *e.g.*, *Amon v. Bush*, 05-1493-RBW (D.D.C. June 19, 2006) (entering Amended Protective Order despite stay); *Al-Ghizzawi v. Bush*, 05-2378-JDB (D.D.C. June 2, 2006) (entering Amended Protective Order despite previous order holding in abeyance because of Detainee Treatment Act petitioner's motion for protective order); *Faizullah v. Bush*, 05-cv-1489-RMU (D.D.C. April 21, 2006) (entering Amended Protective Order despite stay); *Sohail v. Bush*, 05-cv-993-RMU (D.D.C. April 21, 2006) (entering Amended Protective Order despite stay); *Al Salami v. Bush*, 05-cv-2452-PLF (D.D.C. April 13, 2006); *Zadran v Bush*, 05-cv-2367-RWR (D.D.C., Apr. 12, 2006); *Alsaaei v. Bush*, 05-cv-2369-RWR (D.D.C., Apr. 12, 2006); *Said v. Bush*, 05-cv-2384-RWR (D.D.C., Apr. 12, 2006); *Al Shareef v. Bush*, 05-cv-2458-RWR (D.D.C., Apr. 12, 2006); *Awad v. Bush*, 05-cv-2379-JR (D.D.C. Apr. 11, 2006); *Thabid v. Bush*, 05-cv-2398-ESH (D.D.C., Mar. 21, 2006); *Razakah v. Bush*, 05-cv-2370-EGS (D.D.C., Mar. 17, 2006); *Labed Ahmed v. Bush*, 05-cv-1234-EGS (D.D.C., Mar. 2, 2006); *Wahab v. Bush*, 05-cv-886-EGS (D.D.C., Jan. 10. 2006); *Mohammad v. Bush*, 05-cv-879-RBW (D.D.C., Jan. 9, 2006); *Bostan v. Bush*, 05-cv-883-JR (D.D.C., Jan. 9, 2006); *Khiali-Gul v. Bush*, 05-cv-877-JR (D.D.C., Jan. 6, 2006). *See also Al-Harbi v. Bush*, 05-cv-02479-HHK (D.D.C. May 11, 2006) (lifting stay for purposes of consideration of motion for entry of Amended Protective Order; to date no decision has been made regarding motion's merits).

The issue of this court's jurisdiction under the Detainee Treatment Act has been briefed and argued before both the DC Circuit and the Supreme Court. *See Kalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005), appeal docketed sub nom *Boumediene v. Bush*, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 10, 2005); *Hamdan v. Rumsfeld*, No. 05-184 (Argued March 28, 2006). Neither court has issued a decision. But the ultimate resolution of that matter does not impact entry of the Amended Protective Order; the issue of access to counsel is independent of whether the District Court or the Circuit Court has jurisdiction over this action. As the Court stated in *Adem v. Bush*, 05-cv-00723-RWR, Mem. Op. at 17 (April 28, 2006):

> [Petitioner] has a right to counsel under the rule in Al Odah v. United States, 346 F. Supp. 2d 1, 8 (D.D.C. 2004). He has expressly elected to exercise that right. … Enforcing the terms of the protective order in this case does not pose a danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief.

Counsel for Petitioner will represent Mr. Belbacha before the D.C. Circuit should that become necessary. "[T]he need to resolve questions regarding logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court." *Adem v. Bush*, 05-cv-00723-RWR-AK, Mem. Op. at 22 n.25 (March 21, 2006). The Court should enter the Amended Protective Order.

"It has been over a year since Petitioner[] first tried to get a lawyer to help [him] challenge [his] detention. It is unacceptable to wait any longer." *Nabil v. Bush*, 05-cv-1704-JR-AK, Mem. Op. at 13 (May 11, 2006).

Counsel therefore respectfully requests that the Court lift the stay in this action for the very limited purposes of substituting Salah Belbacha as next friend and entering the Amended Protective Order.

Dated: June 26, 2006

        Respectfully submitted,

        _____
        James W. Beane Jr.
        U.S. District Court for the
        District of Columbia Bar No. 444920
        803 Florida Avenue, N.W.
        Washington, D.C. 20001
        (202) 257-3920 (tel)
        (703) 354-3456 (fax)
        e-mail: beane.law@verizon.net

        Clive A. Stafford Smith
        636 Baronne Street
        New Orleans, La. 70113
        (504) 558 9867
        e-mail: clivess@mac.com

        Zachary Katznelson
        P.O. Box 52742
        London EC4P 4WS
        England
        011 44 207 353 4640
        e-mail: zachary@reprieve.org.uk

        *Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 26th day of June, 2006, a true and correct copy of the above and foregoing was filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to counsel for respondents, Terry Marcus Henry, U.S. Department of Justice, and Preeya M. Noronha, U.S. Department of Justice.

                                                        _____
                                                        Zachary Katznelson