IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AHMED BEN BACHA, *et al.*, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>President of the United States, )<br>*et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-CV-2349 (RMC) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS'
MOTION FOR TEMPORARY LIFT OF STAY, SUBSTITUTION OF
<u>NEXT FRIEND AND ENTRY OF PROTECTIVE ORDER</u>**

Respondents hereby oppose petitioners' motion to lift the stay in this case and for entry of the protective order (dkt. nos. 11, 13).[1]

Petitioners' motion should be denied because the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), vests exclusive jurisdiction over this action in the D.C. Circuit. The Act, among other things, amends 28 U.S.C. § 2241 to eliminate court jurisdiction to consider *habeas* petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, <u>id.</u>, § 1005(e)(1), and creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, <u>id.</u>, § 1005(e)(1), (e)(2), (e)(3). Section 1005(e)(2) of the Act states that the D.C.

---

[1] Respondents do not object to petitioners' request to substitute Salah Belbacha, the petitioner-detainee's father, as the next friend petitioner in this action (dkt. no. 12). Because Saleh Belbacha arguably satisfies the requirements for next friend standing articulated by the Supreme Court in <u>Whitmore v. Arkansas</u>, 495 U.S. 149 (1990), respondents withdraw their challenge to next friend standing in this action at this time, without prejudice to renew, as appropriate.

Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.  While the Supreme Court in Hamdan v. Rumsfeld, 548 U.S. —, slip op. (U.S. June 29, 2006), held that § 1005(e)(1) of the Detainee Treatment Act did not apply to *habeas* petitions pending prior to the enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly apply to cases pending prior to enactment.  Although the petitioner in Hamdan escaped the Act because his challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the question of the effect of the exclusive review provisions of the Act on other cases, stating that "[t]here may be *habeas* cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3).  We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit."  Hamdan, slip op. at 18, n.14.  The above-captioned case is such a case, i.e., challenging petitioner's designation as an enemy combatant through the Combatant Status Review Tribunal, and given the Act's investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over this case for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of jurisdiction, including *habeas corpus*.  Cf., e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); Thunder Basin Coal Co. v. Reich, 510

U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition."). See also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals). Entry of the protective order would be an assertion of jurisdiction and authority in the case inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

      The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit (Boumediene v. Bush, No. 05-5062, and Al Odah v.

United States, No. 05-5064),[2] and respondents have recently requested that the Court of Appeals permit additional briefing on the effect of the Hamdan decision on this issue.[3]  Accordingly, the Court's January 27, 2006 stay of "all action" in this case pending resolution by the D.C. Circuit of "serious questions concerning whether this Court retains jurisdiction to hear the above-captioned case[]" after the Detainee Treatment Act of 2005 became law (dkt. no. 10) should not be lifted.[4]

For these reasons, petitioners' motion to lift the stay in this case and for entry of the protective order should be denied.

---

[2] Oral argument before the D.C. Circuit was held on March 22, 2006.

[3] Petitioners in the cases involved in the appeals have opposed respondents' request for supplemental briefing.

[4] In support of their position, petitioners rely on Magistrate Judge Kay's March 21, 2006 Memorandum Opinion and Order in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. nos. 36, 37) (reconsideration denied by Judge Roberts's April 28, 2006 Memorandum Opinion and Order (dkt. no. 42)).  See Pets' Motion at 5.  Not only is the Adem opinion not binding on this Court, but the interpretation and application of the protective order set forth in it raises significant jurisdictional issues – issues relating to the effect of the Detainee Treatment Act of 2005 as well as grave jurisdictional issues independent of the Act.  Respondents have noted these jurisdictional issues in the Guantanamo habeas cases, see e.g., Respondents' Motion for Stay and Reconsideration of Magistrate Judge's Order and Opinion Docketed on March 21, 2006 in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. nos. 38, 39); Respondents' Motion for Stay and Reconsideration of Magistrate Judge's June 29, 2006 Memorandum Order in Kiyemba v. Bush, No. 05-CV-1509 (RMU) (dkt. nos. 61, 62) (copy without exhibits attached hereto as Exhibit 1, and incorporated herein).  Given the serious jurisdictional questions raised in that decision, the Court should not rely upon that decision to enter the protective order in this case.

Dated: July 10, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　　/s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents