UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AHMED BEN BACHA (BELBACHA), | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-2349 (RMC) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

## ORDER

Petitioner Ahmed Belbacha, a detainee at the United States Naval Station in Guantanamo Bay, Cuba, filed a petition for a writ of habeas corpus on December 8, 2005. On July 26, 2007, Mr. Belbacha filed an emergency motion for a temporary restraining order asking the Court to enjoin the United States from transferring him from Guantanamo Bay to Algeria, his country of citizenship. Mr. Belbacha contends that it is more likely than not that he will face torture and other forms of abuse from radical Islamist groups in Algeria who oppose his prior service in the Algerian military and his prior employment at a company owned by the Algerian government.

In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.LW. 3707 (June 29, 2007), the Court of Appeals held that the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), deprives this Court of jurisdiction to hear petitions for habeas corpus brought by Guantanamo detainees, that the deprivation of jurisdiction applies to petitions pending at the time the MCA was passed, and that the deprivation of jurisdiction does not violate the Suspension Clause of the Constitution. The Court also noted that Section 7(a)(2) of the MCA deprives this Court of jurisdiction to "hear or consider any other action against the United

States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination." *Boumediene*, 476 F.3d at 985-86.

Mr. Belbacha argues that, despite *Boumediene*, this Court has jurisdiction to hear his motion for a temporary restraining order because (1) the Supreme Court has granted certiorari in *Boumediene*, which puts the ongoing validity of that decision in doubt; (2) the D.C. Circuit has withdrawn the mandate in *Boumediene*, which indicates that the Circuit no longer believes that this Court should dismiss habeas petitions pursuant to that decision; and (3) district courts always have jurisdiction to protect their jurisdiction, and thus this Court can enjoin Mr. Belbacha's transfer to Algeria to ensure that it has jurisdiction to adjudicate his habeas petition should the Supreme Court reverse *Boumediene*. The United States disagrees, of course, and argues that the MCA and *Boumediene* strip this Court of jurisdiction to consider the instant motion.

The Court finds Mr. Belbacha's arguments persuasive as far as they go, and if the question now pending were whether the Court should dismiss Mr. Belbacha's habeas petition, it may well agree with him. But that is not the question; rather, the question is whether this Court has jurisdiction to hear a motion to prevent Mr. Belbacha's transfer from Guantanamo to Algeria. And on that question the MCA is clear: the Court lacks jurisdiction over any and all non-habeas claims raised by aliens who are detained as enemy combatants. Mr. Belbacha argues that if the Court denies his motion on that basis, it will lose jurisdiction over his underlying habeas petition because Mr. Belbacha will be released from U.S. custody. The Court appreciates that point but notes that the D.C. Circuit implicitly rejected that argument when it recently denied a similar motion to enjoin the

transfer of a Guantanamo detainee based on lack of jurisdiction. *See Zalita v. Bush*, Case. No. 07-5129 (Order of April 25, 2007). The D.C. Circuit presumably followed that reasoning again when it denied for lack of jurisdiction a Guantanamo detainee's motion for an order requiring the United States to provide 30 day's notice before transferring the detainee from Guantanamo. *See Hamlily v. Gates*, No. 07-1127 (Order of July 16, 2007).

The Supreme Court's recent decision to grant certiorari in *Boumediene* notwithstanding, this Court cannot ignore the plain language of the MCA and the D.C. Circuit's holding that the MCA is constitutional. As the D.C. Circuit made clear, the MCA "eliminates jurisdiction over non-habeas claims by aliens detained as enemy combatants. That alone is sufficient to require dismissal even of pending non-habeas claims." *Boumediene*, 476 F.3d at 98 n.1. Accordingly, it is hereby

**ORDERED** that Petitioner's Emergency Motion for Order Enjoining Transfer of Petitioner to Likely Abuse and Torture in Algeria [Dkt. No. 26] is **DENIED** for lack of jurisdiction.

**SO ORDERED**.


DATE: July 27, 2007                              /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge