UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **AHMED BEN BACHA (BELBACHA)**, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Civil Action No. 05-2349 (RMC) |
| **GEORGE W. BUSH,** *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

### ORDER

Petitioner Ahmed Belbacha requests that the Court vacate its Order of May 14, 2008, setting a briefing schedule, pending the Supreme Court's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (June 29, 2007). *See* Dkt. # 42. Mr. Belbacha, a detainee at the United States Naval Station in Guantanamo Bay, Cuba, filed a petition for a writ of habeas corpus on December 8, 2005. On July 26, 2007, Mr. Belbacha filed an emergency motion for a temporary restraining order, asking the Court to enjoin the United States from transferring him from Guantanamo Bay to Algeria, his country of citizenship. *See* Dkt. # 26. Mr. Belbacha contended that it is more likely than not that he will face torture and other forms of abuse from radical Islamist groups in Algeria who oppose his prior service in the Algerian military and his prior employment at a company owned by the Algerian government. *See* Pet'r's Emergency Mot. at 6.

This Court denied Mr. Belbacha's motion, based on the Court of Appeals' decision in *Boumediene*, 476 F.3d 981, that the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), deprives this Court of jurisdiction to hear petitions for habeas corpus brought

by Guantanamo detainees, that the deprivation of jurisdiction applies to petitions pending at the time the MCA was passed, and that the deprivation of jurisdiction does not violate the Suspension Clause of the Constitution, U.S. Const., art. I, § 9, cl. 2. *See* July 27, 2007 Minute Entry Order [Dkt. # 27].

Mr. Belbacha appealed. The Court of Appeals held that this Court did have jurisdiction, pending the Supreme Court's decision in *Boumediene*, to hear Petitioner's emergency motion for a temporary restraining order, which it deemed to be a motion for preliminary injunction because this Court's "order dismissing his motion 'effectively foreclose[d]' Belbacha 'from pursuing further interlocutory relief in the form of a preliminary injunction,'" and is "therefore 'tantamount to denial of a preliminary injunction.'" *Belbacha v. Bush*, 520 F.3d 452, 457, 458-59 (D.C. Cir. 2008). The Court of Appeals therefore remanded the case to this Court "to decide whether a preliminary injunction is 'necessary and appropriate'" in order to preserve the Court's jurisdiction over whether § 7(a) of the MCA, which deprives the Court of jurisdiction to hear, *inter alia*, habeus petitions from Guantanamo Bay detainees, violates the Suspension Clause. *Id.* at 458-59.

Inasmuch as Respondents did not oppose Petitioner's motion to vacate the briefing schedule, Respondents are deemed to have conceded Petitioner's claim, set forth in his Emergency Motion for Order Enjoining Transfer of Petitioner to Likely Abuse and Torture in Algeria filed on July 26, 2007 [Dkt. # 26], that his transfer from Guantanamo Bay to Algeria meets the criteria for a preliminary injunction. Accordingly, it is hereby

**ORDERED** that Petitioner's Unopposed Motion to Vacate the Briefing Schedule ordered on May 14, 2008 [Dkt. # 42] is **GRANTED**; and it is

**FURTHER ORDERED** that Petitioner's Emergency Motion for Order Enjoining Transfer of Petitioner to Likely Abuse and Torture in Algeria [Dkt. # 26], so construed as a motion

for preliminary injunction in accordance with the Court of Appeals' instruction, is **GRANTED**, and it is

**FURTHER ORDERED** that Respondents are enjoined from transferring Petitioner Ahmed Belbacha from Guantanamo Bay to Algeria pending the Supreme Court's decision in *Boumediene*.

**SO ORDERED**.

DATE: June 10, 2008                                /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge