**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION

Misc. No. 08-0442 (TFH)

Civil Action No. 05-2349 (RMC)

**ORDER**

  Pending before the Court is Petitioner Ahmed Belbacha's (ISN 290) Emergency Motion to Reconsider and Vacate Order Dissolving Preliminary Injunction Protecting Petitioner from Forced Repatriation to Algeria to Face Persecution, Torture, and Death, and for Other Relief [Dkt. No. 168, 05-cv-2349]. Petitioner requests that the Court reconsider its Order of February 4, 2010 [Dkt. No. 167, 05-cv-2349] dissolving a preliminary injunction issued by Judge Collyer on June 13, 2008 [Dkt. No. 44, 05-cv-2349]. Though not specifically indicated in the title, Petitioner also requests that the Court "immediately enter an administrative stay of the Order" pending appeal pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. Pet'r's Mot. at 1.

  At this time, the Court declines to address Petitioner's request to reconsider the Order of February 4, 2010. Respondents oppose the motion and have until Monday, March 15, 2010, to file an opposition. The Courts sees no reason to rule on the reconsideration request before Respondents have had an opportunity to respond.

  On the other hand, Petitioner indicates that time is of the essence with respect to his request for an administrative stay of the Order because he alleges that Respondents will not provide 30-day advance notice in the event that Petitioner is to be transferred. To obtain a stay pending appeal, the moving party must show: (1) a likelihood of success on the merits of

the appeal; (2) that it will suffer irreparable injury if the stay is denied; (3) that issuance of the stay will not cause substantial harm to other parties; and (4) that the public interest will be served by issuance of the stay. *See Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The "test is flexible, and requires a weighing and balancing of the four factors." *Al-Adahi v. Obama*, 2009 WL 4641758, at *1 (D.D.C. Dec. 9, 2009).

With respect to the first factor, Petitioner has failed to make "a substantial case on the merits." *Holiday Tours*, 559 F.2d at 843. Petitioner does not cite any cases disputing that "a district court is not deprived of jurisdiction to modify a preliminary injunction while that injunction is on appeal." *Cobell v. Norton*, 301 F. Supp. 2d 77, 83 n.10 (D.D.C. 2004). Nor does Petitioner cite to case law undermining the United States Court of Appeals for the District of Columbia Circuit's holding in *Kiyemba v. Obama*, 561 F.3d 509, 513-14 (D.C. Cir. 2009), *reh'g denied* (July 27, 2009), *reh'g en banc denied* (July 27, 2009), which precludes the District Court from enjoining the transfer of Guantanamo detainees under the circumstances originally alleged by Petitioner. As for irreparable injury to Petitioner if the stay is denied, Petitioner claims that if he is repatriated to Algeria "he faces certain persecution, including likely torture, and even death." Pet'r's Mot. at 4. Though the potential injury to Petitioner is substantial, Petitioner fails to demonstrate that he will suffer such injury if the Court denies the stay before ruling on his motion for reconsideration. There is no evidence before the Court that Petitioner is likely to be transferred to Algeria before Respondents have had the opportunity to respond to Petitioner's motion for reconsideration. With respect to the third factor, the Court does not find that the harm to Respondents will be substantial if the stay issues. As for the fourth factor, the Court concludes that it is unclear if

the public interest will be served by issuing a stay.  For example, staying the Order would not further the public interest if it delayed the closing of the United States Naval Base in Guantanamo Bay, Cuba.

Carefully balancing each of these factors, the Court concludes that Petitioner has failed to satisfy his burden to obtain a stay pending appeal.  Petitioner has not demonstrated that his appeal is likely to succeed or that a stay is in the public interest.  Although the potential harm to Petitioner is significant, Petitioner fails to show that such injury will occur before the Court rules on his motion for reconsideration.  Accordingly, upon consideration of Petitioner's motion, and the entire record herein, it is hereby

**ORDERED** that Petitioner's Emergency Motion to Reconsider and Vacate Order Dissolving Preliminary Injunction Protecting Petitioner from Forced Repatriation to Algeria to Face Persecution, Torture, and Death, and for Other Relief is **DENIED IN PART**.  With respect to the request for an emergency administrative stay, the motion is **DENIED**.  In all other respects, the Court reserves judgment until Respondents have had an opportunity to respond.

**SO ORDERED**.

March 9, 2010                                         /s/   *Thomas F. Hogan*
                                                                Thomas F. Hogan
                                                                United States District Judge