# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION

Misc. No. 08-0442 (TFH)

Civil Action No. 05-2349 (RMC)

**MEMORANDUM OPINION**

Pending before the Court is Petitioner Ahmed Belbacha's (ISN 290) Emergency Motion to Reconsider and Vacate Order Dissolving Preliminary Injunction Protecting Petitioner from Forced Repatriation to Algeria to Face Persecution, Torture, and Death, and for Other Relief. Petitioner requests that the Court reconsider its Order of February 4, 2010 ("February 4 Order") that dissolved the preliminary injunction barring Respondents ("Government") from transferring him to Algeria.[1] Upon consideration of the motion, Respondents' opposition, Petitioner's reply, and the entire record herein, the Court will deny the motion.

**Background**

Petitioner is an Algerian national detained at the United States Naval Base in Guantanamo Bay, Cuba ("Guantanamo"). His habeas petition is currently pending before Judge Rosemary M. Collyer. On July 26, 2007, Petitioner filed an emergency motion to temporarily enjoin the Government from transferring him to Algeria because, he contended, "it is more likely than not that Algerian authorities will . . . torture him." *See* Pet'r's Emergency Mot. for Order Enjoining Transfer of Pet'r to Likely Abuse and Torture in Alegeria at 6 ("Pet'r's Emergency

---

[1] Petitioner also had requested that the Court stay the February 4 Order pending appeal. On March 9, 2010, the Court issued an order denying that request. *See* Order, *In re: Guantanamo Bay Detainee Litig.*, Misc. No. 08-0442 (D.D.C. Mar. 9, 2010) [Dkt. No. 1921].

Mot. to Enjoin"). Ultimately, Judge Collyer enjoined Respondents from transferring Petitioner to Algeria pending a decision in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008). *See* Order, *Belbacha v. Obama*, No. 05-2349 (D.D.C. June 10, 2008). When the Supreme Court decided *Boumediene* two days later, Judge Collyer issued a new order, enjoining Petitioner's transfer "pending briefing and resolution of the issues left unresolved in *Boumediene*." *See* Order, *Belbacha v. Obama*, No. 05-2349 (D.D.C. June 13, 2008) ("June 13 Order"). Respondents appealed the order.

One of the "issues left unresolved in *Boumediene*" was the very question raised by Petitioner's injunction motion: whether a district court could bar the Government from transferring a Guantanamo detainee who feared the recipient foreign country would torture him. On April 7, 2009, the United States Court of Appeals for the District of Columbia Circuit resolved that issue in *Kiyemba v. Obama*, 561 F.3d 509 (D.C. Cir. 2009), *cert. denied*, 2010 WL 1005960 (U.S. Mar. 22, 2010). Similar to Petitioner, the detainees in *Kiyemba* had sought "to prevent their transfer to any country where they are likely to be subjected . . . to torture." *Id.* at 513-14. Citing *Munaf v. Geren*, 128 S. Ct. 2207, 2225-26 (2008), the D.C. Circuit held that a district court is precluded "from barring transfer of a Guantanamo detainee on the ground that he is likely to be tortured or subject to further prosecution or detention in the recipient country." *Kiyemba*, 561 F.3d at 516. Accordingly, on July 10, 2009, Respondents moved to dissolve the injunction. Judge Collyer transferred the motion to Judge Hogan since he was "handling an identical motion filed by the Government in certain other cases." Minute Order, *Belbacha v. Obama*, No. 05-2349 (D.D.C. July 16, 2009). Because the duration of the injunction was limited to the resolution of issues left unresolved in *Boumediene*, and *Kiyemba* resolved the precise issue that prompted Petitioner's motion for an injunction, this Court granted the motion and dissolved

the injunction on February 4, 2010. *See* February 4 Order at 2-4.

On March 7, 2010, Petitioner filed the instant emergency motion for reconsideration of the February 4 Order. He requests that the Court reinstate the injunction. Respondents filed an opposition on March 15, 2010, which was followed by Petitioner's reply.

## Legal Standard

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Although a federal district court has the discretion to reconsider interlocutory orders, the Supreme Court has admonished that "courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In particular, a court should grant a motion for reconsideration of an interlocutory order "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *In re Vitamins Antitrust Litig.*, 2000 WL 34230081, at *1 (D.D.C. July 28, 2000) (internal citation and quotation omitted).

## Analysis

Petitioner avers that reconsideration is warranted because the Court lacked both jurisdiction and authority to dissolve the injunction. The Court disagrees.

I. Jurisdiction to Dissolve the Injunction

Petitioner argues that the Court lacked jurisdiction to dissolve the injunction since the injunction was pending on appeal. *See* Pet'r's Reply at 1-3. Under Rule 62(c), while an appeal is pending from an interlocutory order that grants an injunction, such as here, a federal court may "suspend, modify, restore or grant an injunction on terms . . . that secure the opposing party's rights." FED. R. CIV. P. 62(c). Absent from the rule is any mention of dissolution. Since the February 4 Order dissolved the injunction rather than modifying it, Petitioner claims the Court committed a clear error of law and should reconsider the Order.

As mentioned in the February 4 Order, however, the Court need not rely on Rule 62(c) to dissolve the injunction because it was set to dissolve by its own terms. Petitioner ignores the overt limiting language of the injunction. The pendency of "issues left unresolved in *Boumediene*" was a condition subsequent to the injunction. June 13 Order at 1. The pertinent issue left unresolved was whether a federal court could enjoin the Government from transferring a Guantanamo detainee who claimed he was likely to be tortured in the recipient country. Such fear of torture was the precise reason Petitioner filed the emergency motion to enjoin his transfer to Algeria, as evidenced by the title of his injunction motion: "Emergency Motion for Order Enjoining Transfer of Petitioner to <u>Likely Abuse and Torture</u> in Algeria." Pet'r's Emergency Mot. to Enjoin at 1 (emphasis added). *Kiyemba* conclusively resolved that issue in the Government's favor. Therefore, once *Kiyemba* was decided, the issue was resolved, and so the injunction dissolved. Since the February 4 Order merely memorialized the terms of the injunction, the dissolution does not implicate Rule 62(c), which concerns alterations to an injunction.

Though unnecessary in order to deny Petitioner's motion, the Court further observes that

Rule 62(c) does not preclude the Court from dissolving the injunction. Although the D.C. Circuit has not opined on the issue, in *Decatur Liquors v. District of Columbia* the United States District Court for the District of Columbia indicated that a preliminary injunction under appeal could be dissolved if there were "changed circumstances or a change in the law." 2005 WL 607881, at *3 (D.D.C. Mar. 16, 2005). The Eleventh Circuit appears to be in agreement with the D.C. District Court, suggesting that a court may vacate an injunction pursuant to Rule 62(c). *See Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 n.7 (11th Cir. 1994) (stating that vacating an injunction "arguably was proper under Rule 62(c)"). Only the Fifth Circuit has directly held to the contrary. *See Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 819-21 (5th Cir. 1989) (holding that the authority granted by Rule 62(c) does not extend to the dissolution of an injunction). Yet even the Fifth Circuit seemingly permits dissolution in the instant circumstances because the principle driving the circuit's prohibition on dissolution is that "the district court may not alter [an] injunction once an appeal has been filed except to maintain the status quo of the parties pending the appeal." *Id.* at 819; *see also Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2nd Cir. 1962) ("unless the judge is satisfied that his order was erroneous he shall use his power under Rule 62(c) only to preserve the status of the case as it sits before the court of appeals"). Here, the February 4 Order maintains the status quo since the injunction, by its own terms, expired once the issue of a district court's authority to enjoin the transfer of a detainee based on his fear of torture was resolved. After *Kiyemba* resolved the issue, the Court merely followed the instructions of the injunction. *Cf. Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 578-79 (5th Cir. 1996) (stating that with respect to an injunction that "*by its own terms* create the possibility for a change in its operations . . . [t]he court did not exceed its authority in stepping in to supervise this change through an

5

amendment of its original order" (emphasis in original)). Accordingly, the Court concludes that Petitioner has failed to demonstrate that the Court erred in dissolving the injunction.[2]

II.     Authority to Dissolve the Injunction

Petitioner submits that in dissolving the preliminary injunction, the Court exceeded its authority under Judge Collyer's transfer order. *See* Pet'r's Reply at 1 n.1. According to Petitioner, the relevant transfer order was issued on July 2, 2008, which assigned the case to Judge Hogan solely for purposes of "coordination and management." Order, *Belbacha v. Obama*, No. 05-2349 (D.D.C. July 2, 2008). For that reason alone, he maintains, "this Court should vacate its order of January [sic] 4, 2010." *Id.* Presumably, Petitioner is alleging that the Court's decision to dissolve the injunction under the terms of the Order of July 2, 2008, constitutes a "clear error of law" under Rule 54(b). The only error the Court can identify, however, is on the part of Petitioner.

The Court's authority to dissolve Judge Collyer's preliminary injunction is not governed by the Order of July 2, 2008. As mentioned above, on July 16, 2009, Judge Collyer explicitly transferred Respondents' motion to dissolve the preliminary injunction to the undersigned. *See* Minute Order, *Belbacha v. Obama*, No. 05-2349. Petitioner fails to acknowledge the Order of July 16, 2009, or explain how the Court exceeded its authority under that order. Petitioner's claim thus is both incomplete and unavailing.

**Conclusion**

Therefore, the Court finds that Petitioner has failed to demonstrate that reconsideration is warranted. Having ruled on Respondents' motion to dissolve the preliminary injunction, any future motions regarding the transfer of Petitioner should be directed to Judge Collyer.

---

[2] Though not discussed by the parties, it bears noting that Petitioner is attempting to preserve an appeal filed by Respondents.

An order accompanies this memorandum opinion.

April 19, 2010                                         /s/  *Thomas F. Hogan*
                                                   Thomas F. Hogan
                                                   United States District Judge